**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RONNIE WHITE,

    Plaintiff,

vs.                                  CASE NO. 3:06-cv-348-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**O R D E R**

This case is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act ("EAJA") (Doc. #23, Petition), filed November 26, 2007. Plaintiff's counsel requests an award of $3,344.06 in attorney fees pursuant to the EAJA (Doc. #23 at 3). Plaintiff avers that "[p]ursuant to Local Rule 3.01(g) [D]efendant's counsel was contacted and has no objection to the amount sought by Plaintiff's counsel" (Doc. #23 at 2). No opposition has otherwise been filed.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified. Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000.00 at the time the complaint was filed, and there are no special

circumstances which would make the award unjust.  *See* 28 U.S.C. § 2412(D); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(D)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required.  *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104- 121, §§ 231-33 as codified in 28 U.S.C. § 2412(D)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $153.75 per hour for services provided in 2006 and 2007.  The Court has determined that

a hourly rate of $153.75 per hour is reasonable when factoring in the Consumer Price Index as a guide for an attorney in Jacksonville, Florida, to be compensated under the EAJA.[1]

3.  The Court thus finds that $3,344.06 ($153.75 x 21.75 hours in 2006 and 2007) is a reasonable fee in this case.

4.  Plaintiff did not make any claims for costs incurred in this action.

5.  Plaintiff's counsel maintains that Defendant has no objection to the Court ordering this fee to be made payable directly to Plaintiff's counsel (Doc. #23 at 2). However, under Eleventh Circuit Court of Appeals case law the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of its litigation expenses. *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988). In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA. The Court notes a case is on appeal in the Eleventh Circuit where an award of attorney fees was issued to a plaintiff as the prevailing party, and not the plaintiff's counsel. *Reeves v. Barnhart*, 473 F. Supp. 2d 1173, 1177 (M.D. Ala. 2007), No. 07-11404 (11th Cir. argued Feb. 11, 2008). Considering this case has currently not been resolved by the Eleventh Circuit, Plaintiff's request is denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.  Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. #23) is **GRANTED**.

---

[1] The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frb.fed.us/research/data/us/calc/ (last visited Apr. 14, 2008).

      2.      The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $3,344.06 for attorney fees.

      3.      The request that the Court direct the payment of the fees be made to Erik W. Berger, Esquire is **DENIED**.  The Clerk is directed to mail Plaintiff's check to the Law Offices of Erik W. Berger, 3744 Dupont Station Court South, Jacksonville, Florida 32217.

      **DONE AND ORDERED** at Jacksonville, Florida this 14th day of April, 2008.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge